UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEAH D. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01330-JMS-TAB |
| | ) |
| CHARLES HAGEL Hon., Secretary of Defense, | ) |
| | ) |
| Defendant. | ) |

**Entry Regarding Appointment of Counsel**

The plaintiff's letter dated August 28, 2013, explains that she has made a reasonable effort to obtain counsel and seeks reconsideration of the court's prior ruling denying her motion for the appointment of counsel. The plaintiff's letter has been considered.

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The Court must deny "out of hand" a request for counsel made without a showing of

such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff asserts that she has been unsuccessful in recruiting representation on her own. Although the Court concludes, based on the August 28, 2013, letter, that the plaintiff has made a reasonable effort to secure representation, she should continue her own effort.

The Court proceeds to the second inquiry required in these circumstances. The Court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it herself. *Id.* at 653-655.

The Court will not make an outright request that counsel represent the plaintiff at this time. The issues raised in the complaint are not particularly complex. In addition, based on the plaintiff's comprehensible filings, her use of the court's processes, and her familiarity with the factual circumstances surrounding her claims, the plaintiff is competent to litigate on her own. No evidence to the contrary has been presented.

Based on the foregoing, therefore, the plaintiff's motion to reconsider [dkt. 7] is DENIED.

**IT IS SO ORDERED.**

Date: 09/03/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LEAH D. WHITE
2935 Thorney Croft Dr.
Indianapolis, IN 46268